IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KARL SHACKELFORD | § | |
| v. | § | CIVIL ACTION NO. 6:11cv202 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Karl Shackelford, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 apparently on behalf of an individual named Henry McGee, complaining of the legality of McGee's confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The petition says that McGee was committed for an extended mental health commitment because he was incompetent to stand trial. No basis for federal habeas corpus relief is stated in the petition beyond a vague and general allegation contained in a paragraph reading as follows: "Violation of multiple punishment 5th Amendment and 1st Amendment freedom and liberty and 19th Amendment multiple impanalment [sic]." The petition is signed in two names, that of "Karl Shackelford Lynn" and "Karl Lynn McGee." Both of these signatures are in the same handwriting.

On April 29, 2011, the Magistrate Judge ordered that an amended petition be filed pursuant to Rule 2(c) of the Rules Governing Section 2254 Petitions in the United States District Courts. The Magistrate Judge noted that McGee did not appear to have signed the petition and that the petition did not appear to comport with the Rules because it did not contain a clear specification of the ground or grounds for relief, nor contain a summary statement of the facts relied on.

1

Shackelford filed an amended petition on May 17, 2011. This amended petition said that McGee is in "in-patient care" and has been there for three years, and that Shackelford has been "told that I consider myself a family member." He says that McGee was re-indicted, and therefore has been "punished twice for the same offense."

After review of the pleadings, the Magistrate Judge issued a Report on June 11, 2011, recommending that the petition be dismissed. The Magistrate Judge stated that by Fifth Circuit precedent, a "next friend" must show why the detained person did not sign and verify the petition and demonstrate the relation and interest of the "next friend." The "next friend" procedure may not be used as an artifice for the unauthorized practice of law.

In the present case, the Magistrate Judge stated that Shackelford failed to present a satisfactory explanation of why McGee did not sign and verify the petition, nor did he show a relation and interest to serve as a "next friend." In addition, the Magistrate Judge noted that Shackelford had an extensive history of filing meritless lawsuits and petitions in this Court, and cannot use the "next friend" procedure as a means for the unauthorized practice of law. The Magistrate Judge thus concluded that Shackelford lacked authority to sign the petition on McGee's behalf, and that the petition also had the flaw of failing to set out any specific grounds for relief or facts in support thereof. The Magistrate Judge therefore recommended that the petition be dismissed.

Shackelford filed objections to the Report on July 1, 2011. In his objections, Shackelford again says that "I consider myself a family member by name McGee. Karl Lynn McGee aka Karl Lynn Shackelford to Henry Lee McGee." He cites a 1908 case from the Circuit Court of the Southern District of New York called United States ex rel. Funaro v. Watchorn, 164 F. 152 (C.C.N.Y. 1908), which says that it has been the practice in that district to present habeas corpus petitions in deportation cases which were signed and verified by others than the persons detained; in that case, the petition was signed and verified by the petitioner's attorney. This case fails to show

that Shackelford, who is not an attorney, had "next friend" authority to sign and verify a petition on behalf of Henry McGee.

Shackelford goes on to argue that the State had "one fair opportunity" to offer whatever proof it could assemble, indicating that the re-indictment of McGee was improper for this reason. He has offered nothing to show that the withdrawal of an indictment, followed by a re-indictment, amounted to a constitutional violation. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice as to its refiling by Karl Shackelford as "next friend" for Henry McGee, but without prejudice as to any petition which Henry McGee might file, personally or through an attorney licensed to practice law in the State of Texas or in the bar of the Eastern District of Texas. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 11th day of July, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE